UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| PAUL GARCIA, individually and on behalf all others similarly situated, | Civil Action No. _____ |
| Plaintiff, | |
| vs. | |
| AROMA360, LLC, | |
| Defendant._____/ | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Aroma360, LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of rights and defenses, hereby removes the civil action styled *Paul Garcia v. Aroma360, LLC*, Case No. 2023-004501-CA-01, pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("State Court Action") to the United States District Court for the Southern District of Florida. As grounds for removal, Defendant states as follows:

## BACKGROUND

1. On March 15, 2023, plaintiff Paul Garcia ("Plaintiff") filed a putative class action complaint ("Complaint") against Defendant in the State Court Action.

2. On March 24, 2023, Plaintiff served Defendant with a copy of the Complaint and summons in the State Court Action.

3. The Complaint alleges Defendant sent text message advertisements to Plaintiff and putative class members without transmitting to their caller identification service a telephone number capable of receiving telephone calls and connecting to either the telephone solicitor or the

AMERICAS 122646373

Defendant. Compl. ¶¶ 5, 34.

4. The Complaint asserts a single count under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059(8)(b) ("FTSA") on behalf of Plaintiff and a putative class of "[a]ll persons and entities whose telephone numbers were sent one or more Aroma360 Text Message Advertisements," without geographic limitation. *Id.* ¶¶ 25, 32-38.

5. As demonstrated below, removal is proper because Defendant satisfies the procedural requirements for removal under 28 U.S.C. § 1446; the court has subject-matter jurisdiction of this putative class action pursuant to CAFA, 28 U.S.C. §1332(d); and venue is proper in this district.

## PROCEDURAL REQUIREMENTS

6. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendant in the State Court Action and each paper docketed in the State Court Action is attached to this Notice of Removal as **Composite Exhibit A**.

7. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely, as Defendant filed it within 30 days after Defendant first received service of the Complaint.

8. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly serve on all counsel of record and file with the clerk of the court of the Circuit Court for Miami-Dade County, Florida, a copy of this Notice of Removal and its accompanying exhibits.

## BASIS FOR REMOVAL

9. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary

submissions." *Id.*

10. This action is within the original jurisdiction of this Court, and removal is, therefore, proper under CAFA. Congress enacted CAFA to expand federal court jurisdiction over proposed class actions. *See id.* at 554 (citing S. Rep. No. 109-14, at *43, *as reprinted in* 2005 U.S.C.C.A.N. 3, *41, 109 S. Rpt. 14). The Supreme Court in *Dart Cherokee* made clear that, unlike other statutes of removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

11. CAFA provides a class action may be removed to federal court if: "(1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)-(6)).

12. This Court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the jurisdictional requirements for removal are met. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

13. As explained more fully below, this action satisfies each requirement of section 1332(d)(2) for original CAFA jurisdiction.

### This Is a Covered Class Action

14. According to the Complaint, Plaintiff brings this action "as a class action, pursuant to Rule 1.220(a) and 1.220(b)(2) and 1.220(b)(3), Florida Rules of Civil Procedure." Comp. ¶ 24.

15. As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a).

**There Are More than 100 Putative Class Members**

16. Removal under CAFA is appropriate where "the number of members of all proposed plaintiff classes in the aggregate" is not "less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges "the proposed class exceeds 100 members." Compl. ¶ 26.

**Minimal Diversity of Citizenship Exists**

17. Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties to an action, CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A). Accordingly, only one member of the putative class must be a citizen of a state different from any defendant. *Id.* "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D)).

18. Defendant is a limited liability company and its sole member is Elev8te, LLC. The sole member of Elev8te, LLC is an individual, who is domiciled in, and a citizen of, the State of Florida. Defendant is therefore a Florida citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding "a limited liability company is a citizen of any state of which a member of the company is a citizen").

19. A search of public records shows—and Plaintiff's counsel has confirmed—Plaintiff resides in the State of California, and also shows Plaintiff owns residential real property and works in the State of California. Thus, Plaintiff is domiciled in, and for the purpose of removal jurisdiction is a citizen of, the State of California. *See Smith*, 991 F.3d at 1149 (holding an individual is a citizen of the state in which he or she is domiciled, and identifying several potential sources for determining domicile).

AMERICAS 122646373

20. Thus, minimal diversity exists under CAFA because Defendant is a citizen of the State of Florida and at least one purported class member, namely Plaintiff, is not.

## The Amount in Controversy Exceeds $5 Million

21. As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. at 554. A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Indeed, the "law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id.* "Any inquiry into whether [Plaintiff] *would* actually recover these amounts is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he *could*." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) (emphasis in original). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Id.* (quoting *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)).

22. In determining the amount in controversy, the Court "can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed, including evidence submitted in response to a motion to remand." *Thomas v. Family Dollar Stores of Fla., Inc.*, No. 8:17-cv-583-T-30AEP, 2017 WL 1547295, at *2 (M.D. Fla. May 1, 2017) (citing *Pretka*, 608 F.3d at 754) (internal quotation marks omitted).

23. Here, the Complaint alleges claims for monetary damages for Plaintiff and the putative class members that exceed CAFA's $5 million jurisdictional minimum.

24. The Complaint alleges "Plaintiff's Cell Phone has been sent Aroma360 Text

AMERICAS 122646373

Message Advertisements sporadically since July 1, 2021," and Plaintiff and the putative class members "are entitled to up to $1,500 in damages against Defendant for each Aroma360 Text Message Advertisement that was sent to them." Compl. ¶¶ 13, 36. Based on Defendant's business records, the number of text messages sent regarding Defendant's goods and/or services after July 1, 2021, puts more than $5 million at issue.

25.    Accordingly, based on the facts in this Notice of Removal and the Complaint's allegations, the amount in controversy in this case exceeds $5 million, exclusive of interest and costs.

### CAFA's Exceptions Do Not Apply

26.    The exceptions to removal under 28 U.S.C. section 1332(d) do not apply to this case.

### VENUE

27.    The United States District Court for the Southern District of Florida, Miami Division, is the federal judicial district and division thereof embracing Miami-Dade County, Florida, where Plaintiff filed the State Court Action. Venue is therefore proper under 28 U.S.C. § 89(c).

### RESERVATION OF RIGHTS

28.    As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the State Court Action. By removing this action, Defendant does not waive any rights or defenses available under state or federal law. Specifically, Defendant expressly reserves, without limitation, any and all defenses supporting dismissal of the Complaint, and any and all grounds in opposition to class certification. Defendant further reserves the right to amend or supplement this Notice of Removal.

29. No statement in this Notice of Removal should be construed as an admission the Complaint's allegations have merit or are sufficient to state a claim. Similarly, no statement in this Notice should be deemed an admission of liability or that Plaintiff or any other putative class member has demanded or is entitled to relief.

## CONCLUSION

For the foregoing reasons, this action is removed properly to this Court under CAFA.

Dated:  April 21, 2023

Respectfully submitted,

WHITE & CASE LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

 *s/ Sheldon A. Philp*
Sheldon A. Philp
Florida Bar No. 020123
Email: sphilp@whitecase.com

*Counsel for Defendant Aroma360, LLC*

AMERICAS 122646373

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF and was served by U.S. First Class Mail to the following counsel for Plaintiff:

Joshua A. Glickman, Esq.
Shawn A. Heller, Esq.
**SOCIAL JUSTICE LAW COLLECTIVE, PL**
974 Howard Ave.
Dunedin, FL 34698
Telephone: (202) 709-5744
Email: josh@sjlawcollective.com
Email: shawn@sjlawcollective.com

    *s/ Sheldon A. Philp*
    Sheldon A. Philp

AMERICAS 122646373